NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1180
_____

KEINO KEITH HACKSHAW,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review from the Board of Immigration Appeals
BIA-1 No. A036-868-862
Immigration Judge:  The Honorable Andrew Arthur
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 12, 2012

Before:  SCIRICA, RENDELL, and SMITH, *Circuit Judges*

(Filed: January 17, 2012)
_____

OPINION
_____

SMITH, *Circuit Judge*.

        On September 29, 2005, Keino Keith Hackshaw, a citizen of Trinidad and Tobago

and a lawful permanent resident of the United States, pleaded guilty to indecent exposure

in the first degree in violation of Del. Code Ann. tit. 11, § 765(a).[1] Four years later, Hackshaw was served with a Notice to Appear charging him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having a conviction that constitutes an aggravated felony, namely the offense of "sexual abuse of a minor." *See* 8 U.S.C. § 1101(a)(43)(A). Thereafter, he was further charged with being removable under 8 U.S.C. § 1227(a)(2)(E)(i) on the basis that his Delaware conviction qualified as a "crime of child abuse."

Hackshaw acknowledged his conviction, asserted that it did not qualify as either an aggravated felony or a "crime of child abuse," and applied for cancellation of removal under 8 U.S.C. § 1229b(a). The Immigration Judge (IJ) concluded that Hackshaw's conviction constituted an aggravated felony and, thereby, rendered him ineligible for cancellation of removal. The Board of Immigration Appeals (BIA) disagreed with the IJ and remanded Hackshaw's case for a determination of whether his conviction qualified as a "crime of child abuse" under § 1227(a)(2)(E)(i), which would make him removable. In a decision dated February 24, 2009, the IJ determined that Hackshaw's conviction qualified as a "crime of child abuse," and certified the issue to the BIA. The BIA affirmed the IJ's determination. Because a conviction for a "crime of child abuse" does not render an alien ineligible for cancellation of removal, the BIA remanded the matter

---

[1] The statute provides that "[a] male is guilty of indecent exposure in the first degree if he exposes his genitals or buttocks to a person who is less than 16 years of age under circumstances in which he knows his conduct is likely to cause affront or alarm." Del. Code Ann. tit. 11, § 765(a).

2

once again to the IJ for resolution of his application for cancellation of removal. The IJ denied Hackshaw's application, and he again appealed to the BIA.

In a decision dated December 22, 2010, the BIA dismissed Hackshaw's appeal and remanded for a determination of whether a grant of voluntary departure was warranted. This timely petition for review followed.[2] Hackshaw contends that the BIA erred in concluding that his conviction categorically qualified as a "crime of child abuse." In the alternative, he argues that we should reject the BIA's interpretation of the term "crime of child abuse" as it is contrary to the plain reading of the statute.

We begin our analysis by addressing Hackshaw's alternative argument. Our first step in determining whether *Chevron* deference should be given to the BIA's interpretation of a phrase contained in the Immigration and Nationality Act (INA) is to ascertain "[i]f the intent of Congress is clear[.]" *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). Unlike the term "crime of domestic violence" in § 1227(a)(2)(E)(i), the statute does not define the term "crime of child abuse." The plain language of § 1227(a)(2)(E)(i) establishes three types of offenses: "crime[s] of domestic violence;" "crime[s] of "stalking"; and "crime[s] of child abuse, child neglect, or child abandonment." The category of "child abuse, child neglect or

---

[2] The government moved to dismiss Hackshaw's petition for review on the basis that we lack jurisdiction under 8 U.S.C. § 1252 (a)(2)(B) to review a discretionary decision to deny cancellation of removal. We agree with the government that the discretionary denial of cancellation of removal is unreviewable. *Pareja v. Attorney General*, 615 F.3d 180, 186 (3d Cir. 2010). Jurisdiction exists, however, under 8 U.S.C. § 1252(a)(2)(D) to consider the legal issue of whether Hackshaw's conviction qualifies as a "crime of child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i). We exercise plenary review over questions of law. *Thomas v. Attorney General*, 625 F.3d 134, 141 (3d Cir. 2010).

child abandonment," however, does not shed any clear light on what Congress intended the phrase to encompass. In light of the various federal and state statutes relating to child abuse and crimes of child abuse, we conclude that the statutory term "crime of child abuse" in § 1227(a)(2)(E)(i) does not have a plain and unambiguous meaning. *See Restrepo v. Attorney General*, 617 F.3d 787, 793 (3d Cir. 2010) (concluding that the undefined phrase "sexual abuse of a minor" in § 1101(a)(43)(A) was "most assuredly not clear and unambiguous"). As a result, there is a gap in the INA. We must determine whether the agency's interpretation of the phrase "crime of child abuse" in *In re Velazquez-Herrera*, 24 I. & N. Dec. 503 (BIA 2008) and *In re Soram*, 25 I. & N. Dec. 378 (BIA 2010), "is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843.

In *Velazquez-Herrera*, the BIA considered the meaning of the term "crime of child abuse." After concluding that the term had been deliberately left undefined, 24 I. & N. Dec. at 508, the BIA considered the statutory text, the legal concept of child abuse, the legislative history behind the amendment adding this category of crimes as a deportable offense, the other federal statutes that define "child abuse," and the treatment by the States of the concept of "child abuse." The BIA concluded that the term should be interpreted

> broadly to mean any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child *or* that impairs a child's physical or mental well-being, including sexual abuse or exploitation. At a minimum, this definition encompasses convictions for offenses involving the infliction on a child of physical harm, even if slight; mental or emotional harm, including acts injurious to morals; sexual abuse, including direct acts of sexual contact, but also

4

including acts that induce (or omissions that permit) a child to engage in prostitution, pornography, or other sexually explicit conduct; as well as any act that involves the use or exploitation of a child as an object of sexual gratification or as a tool in the commission of serious crimes, such as drug trafficking. Moreover, as in the "sexual abuse of a minor" context, we deem the term "crime of child abuse" to refer to an offense committed against an individual who had not yet reached the age of 18 years.

*Id.* at 512 (emphasis added) (footnote omitted). The BIA further concluded that the term is not limited to conduct "committed by the child's parent or by someone acting in loco parentis." *Id*. at 513. In a footnote, the BIA noted that the concurring board member viewed the definition as "encompass[ing] the entire statutory phrase 'crime of child abuse, child neglect, or child abandonment.'" *Id.* at 512 n.14. The BIA acknowledged that although its "definition is comprehensive enough to subsume most, if not all, crimes of 'child neglect,' it is not as evident to us that crimes of 'child abandonment' would be so encompassed. We therefore leave that question for another day." *Id.*

"Another day" arrived two years later in *Matter of Soram*. 25 I. & N. Dec. at 378. There, the BIA considered whether an "endangerment" offense categorically qualified as a "crime of child abuse." *Id.* at 379 The BIA addressed several issues left unanswered in *Velazquez-Herrera*. First, it determined that a conviction for endangerment did not require proof of actual harm or injury to the child to constitute a "crime of child abuse." *Id.* at 381 (discussing *Velazquez-Herrera*, 24 I. & N. Dec. at 518 n.2). The BIA also adopted the suggestion of the concurring board member in *Velazquez-Herrera* that the "phrase 'a crime of child abuse, child neglect, or child abandonment' . . . denotes a

5

unitary concept and that our broad definition of child abuse describes the entire phrase." *Id.* at 381.

Hackshaw contends that this interpretation is too broad and is unlike any crime of child abuse that exists. Congress, however, used broad terms by referring to this deportable offense in the subtitle to § 1227(a)(2)(E) as "crimes against children" and in creating the expansive category of "crimes of child abuse, child neglect, and child abandonment." We conclude that the BIA's broad interpretation, which is consistent with the legislative purpose behind this new ground of deportability, is a reasonable construction of the term "crime of child abuse" in the INA and is entitled to *Chevron* deference.

Thus, we turn to whether Hackshaw's conviction categorically qualifies as a "crime of child abuse." *See Taylor v. United States*, 495 U.S. 575, 599-601 (1990). Because the Delaware statute is phrased in the disjunctive, referring to a male's exposure of his "genitals or buttocks," we may look beyond the mere fact of conviction and determine which version of this offense was committed. *Singh v. Ashcroft*, 383 F.3d 144, 162 (3d Cir. 2004). Here, Hackshaw exposed his genitals. Because the criminal offense of indecent exposure of one's genitals in violation of Del Code Ann. tit. 11, § 765(a) is narrower than the federal enumerating statute making an alien removable for a conviction of a 'crime of child abuse, child neglect, or child abandonment," our task is to determine whether Hackshaw's offense of conviction categorically qualifies as a "crime of child abuse" for purposes of 8 U.S.C. § 1227(a)(2)(E)(i).

We conclude that the offense of indecent exposure of one's genitals in violation of Del. Code Ann. tit. 11, §765(a) qualifies as a "crime of child abuse" as interpreted by the BIA in *Velazquez-Herrera* and *Soram*. The federal requirement that the criminal abuse be of a child will always be met because § 765(a) requires proof that the perpetrator exposed himself to a person under 16 years of age. And because the statute of conviction demands proof that the perpetrator *knew* that the exposure of his genitals was "likely to cause affront or alarm," the intent required for a "crime of child abuse" will also be satisfied. Furthermore, because the offensive conduct is the deliberate exposure of the man's genitals under circumstances which he knows are likely to cause affront or alarm, a conviction under the state statute necessarily involves an act that "impairs a child's . . . mental well-being" or inflicts mental or emotional harm as required by *Velazquez-Herrera* for a "crime of child abuse." 24 I. & N. Dec. at 512. In sum, a man's exposure of his genitals to a person under 16 years of age, with knowledge that such conduct is likely to cause affront or alarm, categorically constitutes a "crime of child abuse" under § 1227(a)(2)(E)(i) as interpreted by the BIA.

Accordingly, we will deny Hackshaw's petition for review.

7